IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK D. TIPPINS, | § | |
| TDCJ-ID NO.1109097, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-04-4517 |
| | § | |
| CASSANDRA A. DISIERE, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Frederick D. Tippins, an inmate incarcerated in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), filed this complaint alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff was given leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the reasons to follow, the Court will dismiss plaintiff's complaint.

BACKGROUND

In his complaint (Docket Entry No.1) and more definite statement (Docket Entry No.7), plaintiff alleges the following: He was talking to another inmate when Officer Disiere kicked him in the back of his left leg to get his attention. Disiere opened the dayroom gate and pointed for him to enter. He complained that his leg hurt and that she wasn't very nice. Disiere replied that he was lucky because she intended to kick him in the a--. Plaintiff complained to another officer and then to the ranking officer, Sgt. Bailey, about the kick. Bailey observed a red bruise to plaintiff's leg and confronted Disiere. She told him that she just touched plaintiff. Bailey sent plaintiff to Lt. Springer's office. Plaintiff told Springer that he had been assaulted by an officer. Springer informed plaintiff that he should pretend it didn't happen or he would have to file a use of force report. Thereafter, Bailey and Disiere came to Springer's office and plaintiff was sent outside. When Bailey came out of the office, he was joined by two officers wearing stab vests and carrying metal clubs.

Bailey told plaintiff they were going to cuff him and escort him to the infirmary and then release him to his housing area. Instead, plaintiff was stripped, placed in a shower, video-taped, and thrown into solitary confinement. Bailey told him that Disiere admitted to kicking plaintiff and the offense was upgraded from minor to major. Bailey further stated that as soon as they obtained all of the statements, plaintiff would be released and his privileges restored. After eight days of sitting in solitary confinement, plaintiff got the attention of Captain Losack. He asked Losack how much longer he must remain in solitary confinement. Losack had no idea why plaintiff was being detained and had him released to his housing area without explanation, disciplinary action, or an apology.

Plaintiff indicates that he suffered pain and a bruise from the kick for which he was given a mild pain reliever and ice. He also claims that he has suffered emotional stress, headaches, and feelings of helplessness from the incident. He seeks compensatory damages.

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

2

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

Officer Disiere

Plaintiff claims that Officer Disiere engaged in excessive force when she kicked him in the leg. To establish an excessive force claim, an inmate must show that the force was not applied "in a good faith effort to maintain or restore discipline," but rather was administered in a malicious and sadistic manner to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The above analysis includes an objective and a subjective component. Under the objective component, a court must determine whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force,

provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9 (quoting *Albers v. Whitley*, 475 U.S. 326, 327 (1986)). Moreover, to obtain monetary damages, the inmate must have sustained some physical injury as a result of the force. 42 U.S.C. § 1997e(e). The physical injury must be more than *de minimus*, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Plaintiff indicates that he suffered a *de minimis* injury *i.e.*, a bruise to the back of his leg. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (sore bruised ear lasting three days was *de minimis* under Eighth Amendment physical injury analysis). Arguably *Siglar* leaves open the possibility that a physical injury which is only *de minimis* may nevertheless suffice for purposes of the Eighth Amendment and section 1997e(e) if the force used is of the kind "'repugnant to the conscience of mankind.'" *Gomez,* 163 F.3d at 924, n.4. A kick to the leg resulting in a red bruise does not reflect the kind of force that is repugnant to the conscience of mankind.

Plaintiff's excessive force claim against Officer Disiere is legally frivolous and will be dismissed.

### Lt. Jeffery Springer

Plaintiff complains that Lt. Jeffery Springer locked him in solitary confinement for reporting the assault. (Docket Entry No.1). Yet, in his response to the order for more definite statement, plaintiff indicates that he does not claim that he was placed in solitary confinement in retaliation for filing a grievance against Disiere after she kicked him. (Docket Entry No.7). He indicates that he has not brought a retaliation claim. Accordingly, plaintiff's claims against Lt. Springer will be dismissed.

<u>Texas Department of Criminal Justice</u>

Plaintiff also sues the Texas Department of Criminal Justice for "hiring a[n] unstable and somewhat mentally challenged officer." (Docket Entry No.1). Plaintiff's claim regarding the mental stability of Officer Disiere is conclusory and without legal or factual basis. Moreover, as an instrumentality of the state, TDCJ-ID is immune from a suit for money damages under the Eleventh Amendment. *Talib v. Gilley*, 138 F.3d 211, 213 (1998). Therefore, plaintiff's claim against TDCJ-ID is barred by the Eleventh Amendment.

### CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's claims against all defendants are DENIED. Plaintiff's complaint is DISMISSED with prejudice as legally frivolous.

2. All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

It is so ORDERED.

SIGNED at Houston, Texas, this 7th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE